UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TONY HORTON,

                Plaintiff,

v.

COMMUNITY REINTEGRATION CENTER and B. SMITH,

                Defendants.

Case No. 24-CV-1045-JPS

**ORDER**

Plaintiff Tony Horton, an inmate confined at Vilas County Jail, filed a pro se complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. This Order resolves Plaintiff's motion for leave to proceed without prepaying the filing fee and screens his complaint.

**1.    MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

The Prison Litigation Reform Act ("PLRA") applies to this case because Plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the Court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. *Id.* § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On September 10, 2024, the Court ordered Plaintiff to pay an initial partial filing fee ("IPFF") of $14.94. ECF No. 9. On September 20, 2024, Plaintiff filed a motion for a finding of indigency. ECF No. 13. Plaintiff indicates that he is currently unable to pay the IPFF as a result of his court-

ordered fees. *Id.* The Court will grant Plaintiff's motion for indigency, ECF No. 13, and will allow him to pay the filing fee over time. The Court will accordingly grant Plaintiff's motion for leave to proceed without prepaying the filing fee. ECF No. 2. He must pay the remainder of the filing fee in the manner explained at the end of this Order.

## 2. SCREENING THE COMPLAINT

### 2.1 Federal Screening Standard

Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 2.2 Plaintiff's Allegations

Defendant B. Smith ("Smith") told the inmates at Defendant Community Reintegration Center that if inmates got into a fight that they would wait until help was called and that they better know how to fight. ECF No. 1 at 2. Smith lied on her statement that Plaintiff got back up and was fighting back. *Id.* On June 9, 2024, Plaintiff was assaulted and beaten by another inmate, McGee. *Id.* at 3. Plaintiff was talking with another resident when McGee started to disrespect both of them. *Id.* Smith told them to stop talking to each other and to go to their bunks. *Id.*

Plaintiff then went to the tv room to eat his second tray. *Id.* McGee told Plaintiff he would beat him up when he went to the bathroom. *Id.* Plaintiff did not want any problems, so he went to his bunk and headed to the bathroom to brush his teeth. *Id.* Smith was standing near the bathroom door when McGee hit Plaintiff. *Id.* Smith told McGee to stop hitting Plaintiff. *Id.* McGee hit Plaintiff three more times, and he fell to the ground with a broken nose, two black eyes, and an injured toe. *Id.* at 4. Plaintiff has asked HSU to set his nose, but he still has not received treatment. *Id.*

**2.3    Analysis**

First, Plaintiff may not proceed on an Eighth Amendment claim for the failure to protect. The Eighth Amendment to the U.S. Constitution requires prison officials to take "reasonable measures to guarantee the safety of the inmates." *Balsewicz v. Pawlyk*, 963 F.3d 650, 654 (7th Cir. 2020) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "This means that a constitutional violation inheres in a prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate." *Id.* (citing *Farmer*, 511 U.S. at 828). Deliberate indifference has an objective component and a subjective component. *Id.* To satisfy the objective component, the prisoner must have been exposed to a harm that was objectively serious. *Id.* (citing *Farmer*, 511 U.S. at 834). Under the subjective component, the prison official must have known of and disregarded an excessive risk to the inmate's health or safety. *Id.* (citing *Farmer*, 511 U.S. at 837–38). That is, the official must have been "aware of facts from which the inference could be draft that a substantial risk of serious harm exists," and he must have "draw[n] th[at] inference." *Id.* (quoting *Farmer*, 511 U.S. at 837). But liability does not attach if the prison official takes reasonable measures to abate the known risk. *Id.* (citing *Farmer*, 511 U.S. at 844).

Here, Plaintiff's allegations are insufficient to state a failure to protect claim. Although Plaintiff certainly alleges facts that inmate McGee may have been a serious risk to his safety, he does not plead any facts that Smith knew of this risk prior to the attack on Plaintiff. Plaintiff alleges that Smith told McGee to stop hitting him after the initial attack; it is unclear from Plaintiff's allegations if there was time for her to take any further action. The inmate attack on Plaintiff appears to have taken place quickly and Plaintiff does not allege facts that Smith had the ability to prevent his

injury. As such, the Court finds that Plaintiff may not proceed on an Eighth Amendment deliberate indifference claim for the failure to protect Plaintiff.

Second, although Plaintiff may be able to state a claim for the delay in medical treatment for his nose or other injuries, he does not plead facts that any named defendants had any knowledge of his need for medical attention. A § 1983 claim will lie against those individuals personally responsible for the constitutional violation. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2011). "[P]laintiffs may not rely on 'vague references to a group of "defendants," without specific allegations tying the individual defendants to the alleged unconstitutional conduct.'" *Engel v. Buchan*, 710 F.3d 698, 710 (7th Cir. 2013) (quoting *Grieveson v. Anderson*, 538 F.3d 763, 778 (7th Cir. 2008)). As such, the Court finds that Plaintiff may not proceed against any defendants for deliberate indifference to a serious medical need.

The Court will allow Plaintiff the opportunity to file an amended complaint to cure the deficiencies identified in this Order. Plaintiff may file an amended complaint on or before **November 27, 2024.** When writing his amended complaint, Plaintiff should provide the Court with enough facts to answer the following questions: (1) Who violated his constitutional rights?; (2) What did each person do to violate his rights?; (3) Where did each person violate his rights?; and (4) When did each person violate his rights? Plaintiff's amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the Court and each Defendant with notice of what each Defendant allegedly did or did not do to violate his rights.

The Court is enclosing a copy of its amended complaint form and instructions. Plaintiff must list all of the defendants in the caption of his

amended complaint. He should use the spaces on pages two and three to allege the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. If the space is not enough, Plaintiff may use up to five additional sheets of paper.

Plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted). If the amended complaint is received, it will become the operative complaint in this action, and the Court will screen it in accordance with 28 U.S.C. § 1915A.

### 3. CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee, ECF No. 2, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for a finding of indigency, ECF No. 13, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the complaint fails to state a claim;

**IT IS FURTHER ORDERED** that Plaintiff may file an amended complaint that complies with the instructions in this Order on or before **November 27, 2024**. If Plaintiff files an amended complaint by the deadline, the Court will screen the amended complaint under 28 U.S.C. § 1915A. If Plaintiff does not file an amended complaint by the deadline, the Court will

Page 6 of 8
Case 2:24-cv-01045-JPS    Filed 11/06/24    Page 6 of 8    Document 18

dismiss this case based on his failure to state a claim in his original complaint and will issue him a "strike" under 28 U.S.C. § 1915(g);

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a blank prisoner amended complaint form and a copy of the guides entitled "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions," along with this Order;

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $350.00 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with his remaining balance to the receiving institution; and

**IT IS FURTHER ORDERED** that a copy of this Order be sent to the officer in charge of the agency where Plaintiff is confined.

Dated at Milwaukee, Wisconsin, this 6th day of November, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

Plaintiffs who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Plaintiffs who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.